UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERRIMACK MUTUAL FIRE INSURANCE COMPANY A/S/O IVAN SIBAJA,<br><br>     Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>     Defendant. | **MEMORANDUM & ORDER**<br>24-CV-02627 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiff Merrimack Mutual Fire Insurance Company brought this subrogation action against Defendant Home Depot U.S.A., Inc., on January 8, 2024, in New York State Supreme Court, and Defendant removed the action to this Court on April 8, 2024.  Pursuant to 28 U.S.C. § 1447(c), Plaintiff seeks to remand this action to state court.  However, as explained herein, Defendant's notice of removal was timely filed, and the motion to remand is denied.

## BACKGROUND

  In the state action, Plaintiff served Defendant with a Summons with Notice on February 9, 2024.  ECF No. 1-2 (Summons with Notice); ECF No. 1-3 (Affidavit of Service).  Plaintiff's Summons with Notice identified damages of "a reasonable sum that exceeds the jurisdictional limits of the lower Courts, and upon information and belief is at least $20,000, and continuing . . . plus the subrogor's deductible, as well as costs and disbursements of this action, and such other and further relief as this Court deems just and proper."  *See* ECF No. 1-2.  Plaintiff alleges that Defendant acted negligently in choosing a certain thermostat it sold to Plaintiff's insured, Ivan Sibaja (the subrogor), claiming that the thermostat caused a fire to start

in Mr. Sibaja's home.  *See* ECF No. 8 ¶¶ 18–19 (Complaint).  Plaintiff made payments to Mr. Sibaja for those damages.  *Id.* ¶ 7.

On April 8, 2024, Defendant removed this action, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  *See* ECF No. 1 (Notice of Removal).  As permitted under New York state law, Plaintiff had initiated the state action by serving the Summons with Notice, but no complaint, on Defendant.  *See* Apr. 9, 2024, Text Order.  Thus, following removal, the Court ordered Plaintiff to file its Complaint.  *See id.*  In the interim, on April 17, 2024, Plaintiff filed a "Pre-Motion Letter for Remand," *see* ECF No 7, which the Court construes as a pre-motion conference letter in anticipation of a motion to remand, *see* Apr. 17, 2024, Text Order. The Court permitted Defendant to oppose the pre-motion conference letter on the issue of remand and indicated that it "w[ould] likely take under consideration whether to remand this case based solely on the parties' letters."  *See id.*  Then, Plaintiff filed its Complaint on April 19, 2024, seeking "at least $584,321.40, with remaining payments."  *See* ECF No. 8.  Defendant answered on April 23, 2024.  *See* ECF No. 10.  Finally, on April 24, 2024, Defendant filed its opposition letter on the issue of remand.  *See* ECF No. 11.

## **LEGAL STANDARD**

Section 1446(b) provides that a notice of removal "shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## DISCUSSION

Plaintiff contends that Defendant's removal of this action was untimely for two reasons. First, Plaintiff states that Defendant was served in the state court action on February 9, 2024, but did not file a notice of removal until April 8, 2024.  ECF No. 7 at 1.[1]  Plaintiff argues that removal was therefore untimely under Section 1446(b)(1), which provides for a thirty-day window for removal "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief."  ECF No. 7 at 2.  Second, Plaintiff argues that "[Defendant] received 'other papers' establishing damages well-beyond [sic] the $75,000," required by the diversity jurisdiction statute, 28 U.S.C. § 1332(a), on February 2, 2024.  ECF No. 7 at 1. Accordingly, Plaintiff argues that removal was also untimely under Section 1446(b)(3), which provides for a thirty-day removal clock "if the case stated by the initial pleading is not removable" but the defendant comes to ascertain removability after receiving an "other paper" indicating as much.  ECF No. 7 at 2–3.

Defendant contests both these arguments.  First, under Section 1446(b)(1), Defendant argues that "the Summons with Notice was not removable on its face" because it did not "establish an amount in controversy sufficient for removal."  *See* ECF No. 11 at 2.  Plaintiff does not contest this point, and the Court agrees with Defendant.  The Summons's "boilerplate allegation" that Plaintiff was seeking "a reasonable sum that exceeds the jurisdictional limits of the lower Courts, and upon information and belief is at least $20,000, and continuing . . . plus the subrogor's deductible, as well as costs and disbursements of this action, and such other and further relief as this Court deems just and proper" was "not sufficient to establish that the amount in controversy exceed[ed] $75,000."  *See Muth v. Z Liners LLC*, No. 24-cv-2250, Apr. 15, 2024,

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

3

Text Order (E.D.N.Y. 2024) (collecting cases). Accordingly, Section 1446(b)(1)'s removal clock did not begin to run with service of the Summons with Notice.

Defendant also takes issue with Plaintiff's contention that it received "other paper[s]" showing damages in excess of the jurisdictional threshold on February 2, 2024, when, as part of early settlement discussions, Defendant's "third-party administrator," *see* ECF No. 11 at 1, received a report from an insurance adjuster via Plaintiff's counsel showing "total reserves" of $750,000, *see* ECF No. 7 at 2; *see also* ECF No. 7-2 at 2 (Email from Plaintiff's Counsel), *id.* at 6 (Adjuster's Report). Defendant argues that it could not determine the value of Plaintiff's claim based on this information, and that, in any case, it could not have triggered Section 1446(b)(3)'s removal clock because it preceded service of the initial pleading, which took place on February 9, 2024. *See* ECF No. 11 at 2–3.

Although the Court finds convincing the argument that the reserve estimates from the Adjuster's Report may not have been sufficient for Defendant to ascertain removability, it need not reach that issue in view of Defendant's latter argument. The Court agrees with Defendant that documents served prior to the initial pleading do not constitute "other paper[s]" within the meaning of Section 1446(b)(3) so as to trigger the removal clock under that subsection. The text of Section 1446(b)(3) assumes service of the initial pleading prior to the thirty-day clock starting to run based on service of a "subsequent document." *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142–43 (2d Cir. 2014). Accordingly, this Court joins others in this Circuit in concluding that "the 30-day clock in Section 1446(b)(3) is not triggered by any document received prior to receipt of the initial pleading." *See Marroquin v. Jenkins*, No. 22-cv-2558, 2022 WL 3019971, at *3 (E.D.N.Y. July 29, 2022) (quotation omitted); *accord Thompson v. Rojas*, No. 21-cv-3748, 2022 WL 4357463, at *3 (E.D.N.Y. Sept. 20, 2022); *see also Davis v.*

*Espinal-Vasquez*, No. 21-cv-7819, 2022 WL 2720731, at *4 (S.D.N.Y. June 22, 2022) (explaining that the contrary view lacks "common sense" because it could start defendant's removal clock even before plaintiff files a complaint).  In light of the foregoing, the Court agrees that the removal clock did not begin to run until March 26, 2024, when Plaintiff's counsel informed Defendant's counsel that $584,321.40 had been paid out to date, and invited settlement. *See* ECF No. 1-5 (Email from Defendant's Counsel).

## CONCLUSION

Defendant's April 8, 2024, Notice of Removal was timely under Section 1446(b)(3).  Accordingly, Plaintiff's motion to remand is DENIED.  The parties are directed to comply with the scheduling order filed simultaneously with this order.

SO ORDERED.

                                         */s/ Hector Gonzalez*
                                         HECTOR GONZALEZ
                                         United States District Judge

Dated: Brooklyn, New York
         April 29, 2024