UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERRIMACK MUTUAL FIRE
INSURANCE COMPANY A/S/O IVAN
SIBAJA,

          Plaintiff,

    v.

HOME DEPOT U.S.A., INC.,

          Defendant.

**DISCOVERY ORDER**
24-CV-02627 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The parties have filed a joint letter updating the Court on the status of fact discovery. *See* ECF No. 28 ("Ltr."); ECF No. 29 (Exhibits). Although the parties raise several issues in their letter, the Court identifies three discrete discovery disputes ripe for adjudication: (1) whether Defendant has sufficiently responded to Plaintiff's request for video surveillance; (2) whether Defendant has sufficiently responded to Plaintiff's request for employee training materials; and (3) whether Plaintiff has failed to timely disclose its experts. The Court concludes that Defendant has satisfied its discovery obligations with respect to the production of video surveillance but not with respect to employee training materials, and that Plaintiff has failed to comply with the Court's prior Order requiring a preliminary assessment of expert discovery.

## BACKGROUND

In this subrogation action, Plaintiff alleges that Defendant acted negligently in choosing a certain thermostat it sold to Plaintiff's insured, Ivan Sibaja (the subrogor), claiming that the thermostat caused a fire to start in Mr. Sibaja's home. *See* ECF No. 8 ¶¶ 18–19 (Complaint).[1]

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Plaintiff made payments to Mr. Sibaja for damage caused by the fire, which it now seeks to recover from Defendant. *Id.* ¶¶ 7, p. 10.

## LEGAL STANDARD

The Court has "wide discretion" in managing pretrial discovery. *See Pippins v. KPMG, LLP*, 759 F.3d 235, 251 (2d Cir. 2014).[2] Rule 26(b) "defines the scope and limits of discovery." *See United States v. Dist. Council*, No. 90-cv-5722, 2007 WL 3256841, at *1 (S.D.N.Y. Oct. 26, 2007). That Rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

First, Plaintiff claims that "Home Depot has not provided the surveillance video of the purchase/handing off [of the] subject thermostat within the 'electrical isle.'" Ltr. at 2. Defendant responds that it produced video of Mr. Sibaja purchasing the thermostat, and that this is sufficient because Plaintiff sought only "[v]ideo surveillance of *the purchase* of the Subject thermostat based on the Receipt." *Id.* at 2 (citing ECF No. 29-2 at 1). Defendant is correct. The production of that segment of video plainly satisfies the request. If Plaintiff intended to seek more video of Mr. Sibaja possibly within Home Depot's possession, custody, or control, the request, which is explicitly limited to "the purchase," failed to make that clear, and Defendant is not required to read Plaintiff's mind. *See Megtech Inc. v. Edible Arrangements LLC*, No. 10-cv-

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

0059, 2011 WL 13234426, at *1 (D. Conn. Feb. 4, 2011) (court considers the "plain language" of the discovery request).

Next, Plaintiff takes issue with Defendant's failure to provide any documents concerning its second request for production, which sought: "The Employee Handbook and/or any other documents pertaining to salesperson training and guidelines for all employees at the subject Home Depot, based on the Receipt." Ltr. at 2–3 (quoting ECF No. 29-2 at 1). Defendant interposed several boilerplate objections, but primarily focused on overbreadth, stating: "[T]he incident at issue involves the allegation that a Home Depot employee recommended the wrong thermostat to Plaintiff . . . . As worded, this request arguably includes documents pertaining to landscaping and irrigation maintenance, snow and ice removal, or the manner in which merchandise is displayed . . . none of which have anything to do with . . . this case." ECF No. 29-2 at 1. It further stated that it was "not aware of any documents pertaining to salesperson training and guidelines relative to the sale of thermostats." *Id.*

On this issue, both sides' positions are unreasonable. If Plaintiff really intends to simply sift through "all" of Home Depot's training policies, as stated in the joint letter, such request is obviously overbroad. Ltr. at 3. Nevertheless, even if that position and the request itself are too broad, Defendant's legitimate "objection does not permit [it] to refuse to produce *any* documents whatsoever." *See Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-cv-0201, 2003 WL 21384304, at *5 (W.D.N.Y. May 9, 2003). Certainly, the request may "arguably" call for too much, but Defendant "should produce any documents that are clearly requested." *Id.* At the other end of the spectrum, Defendant's claim that it has nothing to produce because it is not "aware" of training material specific "to the sale of thermostats" interprets the request far too narrowly. *See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)

3

("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."). Between these poles, there is a broad and clearly discoverable heartland that goes ignored. Policy and procedure documents, like those sought by this request, are some of the most frequently produced documents in commercial litigation. The parties are ordered to promptly meet and confer in good faith to identify a relevant set of sales training documents. Defendant shall then produce them. If it continues to claim that no such documents exist, it must inform Plaintiff as much. The Court does not expect any further judicial intervention to be necessary in resolving this simple issue.

Finally, Plaintiff writes that it "anticipates disclosing its expert witnesses . . . by October 15, 2024, as stated in the Case Management Plan." Ltr. at 3. Home Depot objects to disclosure by that date. *Id.* at 4. Plaintiff's reading of the case management plan is bizarre. As stated unambiguously therein, October 15 is the close of expert discovery. ECF No. 20 at 2. More importantly, Plaintiff's position plainly violates the Court's prior Order requiring the parties to "identify the number of expert witnesses" and "describe the general topics about which each expert plans to testify" in the instant update. ECF No. 27 at 1. In the forthcoming joint letter described below, Plaintiff shall comply with the Court's prior Order. The Court appreciates Defendant's position that its expert disclosures may hinge on Plaintiff's, but it should similarly update the Court after receiving more information from Plaintiff.

## **CONCLUSION**

The parties shall promptly comply with the directives of this Order to ensure the completion of fact discovery before August 13. *See id.* With respect to the parties' request to file a letter in two weeks concerning whether they would like to be referred to Magistrate Judge Henry for a settlement conference, leave is granted. The parties shall file such a request on or

4

before August 5, 2024.  The Court warns the parties, however, that it will be disinclined to grant their anticipated request for an extension of the expert discovery deadline unless they can show good cause.  *See* Ltr. at 4; ECF No. 20 at 2.  In any event, it will not grant a sixty-day extension so that they can defer expert discovery in favor of a settlement conference because such delay is excessive for a case of this limited scope.  Even if the parties do not seek referral, they must include in the letter updated information regarding expert discovery, as described above.

        SO ORDERED.

        */s/ Hector Gonzalez*
        HECTOR GONZALEZ
        United States District Judge

Dated: Brooklyn, New York
       July 22, 2024